**Rosalie NOLAND, Plaintiff-Appellant,**

v.

**FARMERS INSURANCE EXCHANGE Defendant-Respondent.**

**No. 24674.**

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1967.

J. William Blackford, Blackford & Wilhelmsen, Kansas City, for appellant.

Richard H. Heilbron, Heilbron & Powell, Kansas City, for respondent.

SPERRY, Commissioner.

This case was transferred to us by the Supreme Court on jurisdictional grounds.

Plaintiff sued defendant insurance company for damages growing out of personal injuries suffered by her while seated in the automobile of defendant's insured when it was struck in the rear by an uninsured motorist. From a summary judgment in favor of defendant, plaintiff appeals.

The facts are not in dispute. On the 31st day of May, 1963, plaintiff was a passenger in an automobile being operated by her brother-in-law, Cyrus J. Button. Button had given plaintiff an automobile and had taken her to Liberty, Missouri, to have it transferred to her name. The transfer was made and on the way back from Liberty to the home of plaintiff, Button suggested that she ride with him, when they came to the place where her car was located. Plaintiff remained in the car. The car carrying plaintiff then proceeded on down the road. The husband of plaintiff got in the other car and drove down the road following the Button car. At the intersection of 92 highway and the gravel road on which the cars were traveling, the Button car stopped. The husband did not. The car operated by plaintiff's husband struck the car in which the plaintiff was riding, in the rear, injuring plaintiff. There was no insurance on the automobile being driven by the husband.

Mr. Button had insurance with the defendant. This policy carried the provision, in effect at the time of the accident, known as uninsured motorist coverage. Plaintiff made claim under it for personal injuries she suffered in the accident, and defendant denied the same. Plaintiff filed suit naming defendant and her husband, Charles Noland, as defendants. Defendant insurance company intervened as a defendant in *Count I* of plaintiff's petition (directed against the husband alone), and moved to dismiss *Count I*. The motion was granted. Plaintiff appealed but the transcript was not furnished on time and the appeal was dismissed. Plaintiff, thereafter, filed her Amended Petition, naming defendant herein as sole defendant, claiming damages under the uninsured motorist clause, in the amount of $9,500.00.

Defendant admitted the facts of the accident as above stated; that Mr. Noland had no liability insurance; that Mr. Button had a policy of insurance with the defendant; that said policy included uninsured motorist coverage; that the driver of the automobile (the husband) was an uninsured motorist within the meaning of the policy; and denied that plaintiff was entitled to recover.

It is agreed by both parties that, from a time prior to May 31st, 1963, continuously

to the present date, plaintiff and Mr. Noland have been lawfully married and have lived continuously together as husband and wife.

Defendant, in its brief, admits that plaintiff was an insured under its policy, that her husband was an "uninsured motorist" thereunder, and that plaintiff is entitled to coverage in this case if all requirements and conditions of that coverage were fulfilled. Defendant agreed, in its policy, as follows:

"To pay all sums determined to be payable as provided below, which the owner or operator of an uninsured motor vehicle would be *legally responsible to pay as damages to the insured* because of bodily injuries sustained by the insured caused by the accident, * * *." (Italics supplied).

"A wife cannot maintain a civil action against her husband for a personal tort." Mullally v. Langenberg Bros. Grain Co., 339 Mo. 582, 98 S.W.2d 645, 646. (However, the court there held that such restriction did not affect her right to sue her husband's *employer* for a tort committed against her by her husband while *acting within the scope of his employment*). In Brawner v. Brawner, Mo., 327 S.W.2d 808, 809, the court considered a tort action instituted by a husband against his wife, based on an automobile accident occurring during coverture. The court said (811) in the present state of the law, one spouse is not permitted to maintain this type of action against the other because of the common law rule of immunity, (citing sec. 1.010, R. S.Mo.1949, V.A.M.S.). The court held this to be true notwithstanding "the recent cases" of Hamilton v. Fulkerson, Mo., 285 S.W.2d 642, and Ennis v. Truhitte, Mo., 306 S.W.2d 549, relied on by plaintiff. In the Hamilton case the tort occurred prior to the marriage of the parties but was tried after the marriage had been consummated. It was said that, by statute, her pre-existing cause of action was not extinguished by her marriage. In the Ennis case, the wife received personal injuries because of her husband's "gross and reckless conduct" while operating an automobile in which the wife was a passenger. It was held that the rule prohibiting the wife from suing her husband for a personal tort committed by him against her should not be applied after the husband's death. There was a strong dissent by two members of the court; but it is, nevertheless, the law under the facts there existing.

But the rule in Missouri is that neither spouse may maintain a civil suit against the other, during coverture, based on a tort occurring during coverture. Brawner v. Brawner, supra; Deatherage v. Deatherage, Mo. 1959, 328 S.W.2d 624, 625.

Plaintiff contends, in effect, that the rule mentioned in the Brawner and Deatherage cases has no application here because the suit is not against a spouse but is against an insurance corporation. Harking back to the policy provision which defines defendant's liability, it is noted that defendant is *only* bound to pay sums which the owner or operator of the uninsured automobile *would be legally responsible to pay as damages to the insured* (plaintiff herein). Under the terms of the policy an insured (plaintiff) is not entitled to be paid by defendant any sums unless the uninsured motorist (plaintiff's husband) is *legally* liable to pay plaintiff for said damages. The legal responsibility to pay may be determined and established by the rendition of a valid final judgment against the uninsured motorist. In Duprey v. Security Mut. Cas. Co., 43 Misc.2d 811, 252 N.Y.S.2d 375, 378–379, the court said:

"The very crux of any lawsuit is to determine whether the insured, in this instance, is legally responsible in damages. This cannot be determined until after a trial by a court of competent jurisdiction. The insured and, therefore his carrier, does not become legally obligated to pay any damages until a judgment is rendered against him."

 However, we do not hold that an insurance company may not be sued on an uninsured drivers clause until the actual tort feasor has been sued, served with process, and a judgment obtained against him. We held in Hill v. Seaboard Fire & Marine Insurance Co., Mo.App., 374 S.W.2d 606, 609, that plaintiff, in this kind of case, has the burden of proof, and that it is incumbent on her to prove: (1) that the other motorist in the accident was uninsured; (2) that the other motorist is legally liable to the insured; and, (3) the amount of such liability. We also held (611) that, under the policy there considered, which contained a clause similar to the clause here discussed, it was not required that a *judgment* be obtained against the uninsured motorist prior to the institution of suit by plaintiff. We also held that that action was upon contract, (not tort) and that the terms of the contract govern. We note that the contract there involved contained a clause providing for coverage in cases of "hit and run" motorists (whose identity remains unknown) and that the operator of the uninsured automobile was a stranger to plaintiff.

In Basore v. Allstate Insurance Co., Mo. App., 374 S.W.2d 626, in an opinion by Hunter, J., (who authored the opinion in the Hill case) we held that plaintiff, the wife of the insured motorist, was an *insured* under the terms of the policy, and that she was not required to obtain a judgment against a hit and run driver in order to establish her right to recover on the policy. Plaintiff relies on this decision as supporting her position here; but the facts are not the same. The uninsured driver in that case was an unidentified person, not her husband; and he was *legally responsible to her for his tort*, if he could have been identified.

 Under the conditions stated in the insurance contract, as presented in the briefs of the parties, we hold that the terms stated therein, upon which defendant must pay, are not unlawful or ambiguous and that, as in other such clauses of the policy,

they are binding upon both plaintiff and defendant; (Kisling v. M.F.A. Mutual Insurance Co., Mo.App., 399 S.W.2d 245, 252–253) and that, since the driver of the uninsured automobile was plaintiff's husband, he was not legally responsible or liable to pay her any damages. That being so, defendant is not liable in this case.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The above opinion of SPERRY, C., is adopted as the opinion of the court. All concur.