B. WALTON BROWN, ADMINISTRATOR OF THE ESTATE OF RONALD WILSON WALKER v. LUMBERMENS MUTUAL CASUALTY COMPANY

No. 7319SC610

(Filed 12 September 1973)

Insurance § 69— uninsured motorist provision — wrongful death claim barred — no recovery under provision

> Where plaintiff instituted his action against defendant insurance company under an uninsured motorist endorsement on a policy more than two but less than three years after his cause of action for wrongful death arose, the trial court properly entered summary judgment for defendant since at the time plaintiff commenced his action, his claim against the uninsured motorist was already barred and he was no longer "legally entitled to recover" from the uninsured motorist— a prerequisite to recovery under the uninsured motorist endorsement.

APPEAL by plaintiff from *Godwin, Judge,* 9 April 1973 Session of Superior Court held in RANDOLPH County.

Plaintiff's intestate died on 26 April 1969 as result of injuries received on that date when the Chevrolet automobile he was driving skidded off the road and overturned. Plaintiff instituted this action on 25 April 1972 seeking to recover up to the policy limit of $10,000.00 from defendant insurance company under the provisions of the uninsured motorist endorsement to a policy of insurance issued by defendant to plaintiff's intestate's mother, who was owner of the Chevrolet. Plaintiff alleged that the fatal collision was caused by the negligence of an unknown driver of an unknown vehicle who, while attempting to pass the Chevrolet in a curve, collided with it and caused it to skid out of control.

Defendant admitted issuance of the policy with the uninsured motorist endorsement, but denied liability thereunder on the ground, among others, that this action was instituted more than two years after the accrual of the cause of action for wrongful death. Defendant also moved for summary judgment dismissing the action on that ground. The motion was allowed and plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Henson, Donahue & Elrod by Joseph E. Elrod III for defendant appellee.*

Brown v. Casualty Co.

PARKER, Judge.

By the "uninsured motorists" endorsement to the policy here sued upon the defendant agreed to pay, up to stated limits of liability, "all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of . . . bodily injury, sickness or disease, including death resulting therefrom, . . . sustained by the insured . . . caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile." Plaintiff's intestate comes within the policy definition of an "insured" and the hit-and-run automobile referred to in the complaint comes within the policy definition of an "uninsured automobile" with respect to the coverage afforded by the endorsement. Nevertheless, summary judgment dismissing plaintiff's action was proper.

The pleadings and record establish that this action was commenced more than two but less than three years after plaintiff's action for the wrongful death arose. By G.S. 1-53(4) an action to recover damages for wrongful death must be commenced within two years. Thus, at the time plaintiff instituted this action against defendant insurance company, his action against the uninsured motorist was already barred and he was at that time no longer "legally entitled to recover" from the uninsured motorist.

It is true, as plaintiff contends, that this action against defendant insurance company is upon contract and that G.S. 1-52(1) provides a three-year period of limitations for the commencement of such actions. This contention, however, misses the point. Summary judgment dismissing plaintiff's action was proper not because his contract action against defendant insurance company was barred, but because the admitted facts establish that at the time this action was instituted his claim was no longer within the coverage provided by the policy. The summary judgment dismissing plaintiff's action is

Affirmed.

Judges BRITT and MORRIS concur.