Columbus and Mae Frances
**CRENSHAW, Appellants,**

v.

**GREAT CENTRAL INSURANCE COM-
PANY, a corporation, Respondent.**

No. 36173.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 3, 1975.

Motion for Rehearing or Transfer
Denied Aug. 7, 1975.

Application to Transfer Denied
Oct. 13, 1975.

Floyd & Roskin, Inc., Preston E. Roskin, Clayton, for appellants.

Amelung, Wulff & Willenbrock, Robert A. Wulff, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

On September 7, 1972, Columbus and Mae Frances Crenshaw, parents of Dale and Gretchen Crenshaw, Minors, and Gretchen, by and through her mother and next friend, filed suit in the Circuit Court of the City of St. Louis against Great Central Insurance Company, in three counts. In Count I, wherein the parents are plaintiffs, it is alleged that on May 27, 1969, Dale was killed due to the negligence of Harry Davis, owner, and Gale Martin, driver, of an uninsured motor vehicle; that an action for wrongful death of their son accrued to them under the laws of this State; that at the time of the collision Dale was covered by a policy of liability insurance issued by the defendant company to Columbus and Mae Frances Crenshaw, providing uninsured motorist coverage for both Dale and plaintiffs in the event of collision with an uninsured motorist; that defendant company has vexatiously refused to pay plaintiffs $10,000, for which they pray, and for $1,000 for vexatious refusal to pay and an attorney's fee of $2,500. Count II, in which Gretchen is plaintiff, incorporates and adopts the allegations of Count I and alleges that due to the negligence of the uninsured motorists she sustained personal injuries; that at the time of the collision Gretchen was covered by the policy and insured under its uninsured motorist provision, and is qualified for coverage thereunder. Count III, brought by Columbus Crenshaw, incorporates and adopts the allegations of Counts I and II, and alleges that as a result of the negligence of the uninsured motorists he, the father of Gretchen, has been caused to

expend money for medical care and attention and will in the future be required to incur expenses (presumably for medical services to his daughter). The uninsured motorist provision is as follows: "The company will pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle. . . ."

Following removal to the federal court the case was remanded to the Circuit Court of the City of St. Louis. Upon remand defendant company filed a motion to dismiss Count I of the petition, which motion was argued, submitted, granted, and an order entered that "plaintiff's cause of action as set forth and alleged in Count I [is] dismissed." From that order and judgment Columbus and Mae Frances Crenshaw have appealed.

On the question of our jurisdiction: No trial was had and no orders were made with reference to Counts II and III. The judgment of dismissal was not specifically designated as a final judgment for purposes of appeal. The court did not by record entry indicate that the order was intended either as final or interlocutory.

■ Under Rule 81.06, V.A.M.R. the order entered shall not be deemed final for the purposes of appeal if Count I arose "out of the same transactions, occurrences or subject matter" as Counts II and III, but shall be deemed final for the purposes of appeal if Count I is an "entirely separate and independent claim unrelated to" Counts II and III. In a sense, of course, all three counts arose out of the same transactions, occurrences and subject matter, namely, the same automobile accident and the same insurance provision. In a sense, too, the three counts are not entirely separate and independent, but are related in that all three affect members of the same family; that Columbus Crenshaw is a plaintiff in both Counts I and III, and that there are common questions of law and fact in all three counts, such as the questions of negligence and causation. Rule 81.06, however, does not speak to these kinds of similarities. The rule speaks to a situation where the several claims, counts, etc. are *dependent* upon each other. Viewed in this light the judgment on Count I must be deemed a final judgment for the purposes of appeal within the meaning of Rule 81.06 for the reason that the disposition of Counts II and III is not "dependent in any respect upon the outcome of or final disposition of" Count I, and for the further reason that the court entered a separate judgment disposing of all of the issues presented by Count I, in its ruling that the 2-year statute of limitations was applicable in the resolution of Count I. *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377 (banc 1956). The absence or lack of dependency of the final outcome of Counts II and III upon the outcome of Count I is emphasized and pointed up by the manner in which the final disposition of Count I ensued, that is, on a motion to dismiss based upon the contention that the cause of action stated in Count I is governed by the limitations of the special statute applicable to wrongful death actions (which special statute of limitations has no application to Counts II and III, which are not wrongful death actions). Paraphrasing Pizzo, 295 S.W.2d l.c. 381, it is apparent that the order entered was intended as a judgment separate and apart from any relief that might thereafter be given on the two remaining counts. The record indicates an exercise of discretion in favor of a separate judgment and nothing appears to indicate an intention that the judgment should be interlocutory or that it was to be held in abeyance until Counts II and III are determined. In such situation the separate judgment entered on Count I is construed as an order for a separate judgment for the purposes of appeal within the meaning of Rule 81.06. If the trial court wanted this judgment to be interlocutory or held in abeyance, or its enforcement stayed, it should have so provided.

Section 537.100 of the wrongful death statute provides: "Every action instituted under section 537.080 shall be commenced

within two years after the cause of action shall accrue; * * *."

Plaintiffs did not, within two years after the collision or thereafter, sue the driver or owner of the automobile involved in the collision alleged to have caused their son's death. The only suit filed by plaintiffs is this action, commenced against their insurer approximately three years and four months after the death of their son.

Citing *Sterns v. M. F. A. Mutual Insurance Co.*, 401 S.W.2d 510, 517 (Mo.App. 1966), and *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148, 151 (Mo.App.1972), for the proposition that the purpose of the uninsured motorist statute is to give the same protection to a person injured by an uninsured motorist as he would have had if injured in an accident caused by an automobile covered by a standard liability policy, the trial court considered that plaintiffs' claim against the insurer, predicated upon the wrongful death of their son, is governed by the procedures, including limitations, for actions under the wrongful death statute, which contains a 2-year limitation of exposure to liability thereunder; that plaintiffs' insurer stands in the place of the uninsured motorist's absent insurer, and that the contractual relationship between plaintiffs and the insurer "does not broaden or enlarge the provisions of the special statute" of limitations.

Plaintiffs-appellants contend that the court erred in applying the 2-year statute of limitations applicable to wrongful death actions, § 537.100, RSMo 1969, V.A.M.S., for the reason that this is an action on a contract in which the 10-year statute of limitations, § 516.110, RSMo 1969, V.A.M.S., applies.

■ We affirm, but on a theory different from that adopted by the trial court. This is an action in contract. It is based upon an insurance contract. *Reese v. Preferred Risk Mutual Ins. Co.*, 457 S.W.2d 205 (Mo.App.1970); *Hill v. Seaboard Fire & Marine Ins. Co.*, 374 S.W.2d 606 (Mo.App.1963).

It is governed by the 10-year statute of limitations, § 516.110, RSMo 1969, V.A.M.S. In order to prevail in this contract action, however, plaintiffs must establish that at the time this litigation against the insurer was commenced they were legally entitled to recover damages from the owner or operator of the uninsured highway vehicle. In other words, as an essential element of plaintiffs' cause of action in contract plaintiffs must be able to demonstrate their right to recover for the wrongful death of their son. As a matter of law plaintiffs cannot make such a showing because at the time this action in contract was filed plaintiffs no longer had a cause of action against the third party tort-feasors. There is no common-law right of action for wrongful death; such actions exist only by virtue of a statute. Under the wrongful death statute a cause of action accrued to plaintiffs upon the death of their son, but as aggrieved parties they were obliged to comply with the terms of the statute. Compliance with the requirement that an action for wrongful death be commenced within two years is a necessary condition attached to the right to sue—not merely a statute of limitations in the ordinary sense. Plaintiffs failed to comply with this requirement. "Our wrongful death statutes created a new right, a new and different cause of action (*Cummins v. Kansas City Pub. Serv. Co.*, 334 Mo. 672, 66 S.W.2d 920) and at the same time introduced into the terms of the statutes as an inherent part of the cause of action a time limit for its maintenance (5 Cyclopedia of Federal Procedure, Sec. 1514) and we are committed to the view that the limitations of the death statutes are matters of substantive right and not mere technical limitations or bars to the remedy. *Barker v. Hannibal & St. Joseph Ry. Co.*, 91 Mo. 86, 14 S.W. 280; *Chandler v. Chicago & Alton R. Co.*, supra [251 Mo. 592, 158 S.W. 35]; 16 Am.Jur., Sec. 286. * * *" *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 646[4] (1947). It was incumbent upon plaintiffs to appropriate the cause of action for wrongful death within the 2-year period

prescribed by § 537.100, supra, by filing suit thereon prior to the expiration of that period in a court having jurisdiction in the premises. *Krueger v. Walters*, 238 Mo.App. 340, 179 S.W.2d 615, 618[3] (1944). Plaintiffs failed to do so and when the 2-year period expired their cause of action was extinguished. We conclude that at the time this action was filed plaintiffs were not "legally entitled to recover" from Harry Davis or Gale Martin for the wrongful death of their son; there could be no liability on the part of the third party tort-feasors under the wrongful death statute, and consequently there is and can be no recovery under the insurance contract, which is conditioned on the legal liability of the third party tort-feasors to the insureds.

While this is a case of first impression in this State persuasive authority for our conclusion is found elsewhere in three cases involving litigation between insureds and insurers under uninsured motorist provisions dealing with the right to recover for wrongful death under wrongful death statutes having special limitation periods, where suit was filed after the expiration of the special limitation period. *Brown v. Lumbermens Mutual Cas. Co.*, 19 N.C.App. 391, 199 S.E.2d 42, cert. allowed 285 N.C. 313, 204 S.E.2d 829 (1974); *Franco v. Allstate Ins. Co.*, 496 S.W.2d 150 (Tex.Civ.App. 1973); *Country Mutual Ins. Co. v. National Bank of Decatur*, 109 Ill.App.2d 133, 248 N.E.2d 299 (1969). These cases hold that where the statute authorizing a wrongful death action requires that it be brought within a certain time this requirement is a condition of liability, an integral part of the right in the nature of a condition precedent, and not merely a limitation as to the remedy; that if the action is not brought within the prescribed time period the insured is not "legally entitled to recover" damages from the tort-feasor, has no remedy, and is precluded from recovering under the uninsured motorist's coverage.

The cases cited by plaintiffs [1] are personal injury actions, not actions for wrongful death. They simply hold that in a suit against the insurer under a policy of automobile insurance containing an uninsured motorist provision the statute of limitations applicable to contract actions applies, and that the general statute of limitations relating to tort actions is inapplicable. None of them involves a death claim under a wrongful death statute which has a built-in limitation period of a substantive nature which qualifies, indeed destroys, the right to sue if the special limitation period is not complied with.

Plaintiffs object that the term "legally entitled to recover" has been construed in *Reese v. Preferred Risk Mutual Ins. Co.*, supra, and in cases cited therein, to refer merely to the fault principle, that is, that the term means simply that the aggrieved party must be able to establish fault on the part of the uninsured motorist and prove the extent of the damages. This construction is not controlling where the cause of action has been extinguished and no longer exists. The term necessarily assumes and presupposes the existence of a live cause of action.

Plaintiffs object that the conclusion we reach conflicts with the *Reese* case. The cases are distinguishable. In *Reese* the aggrieved parties appropriated the cause of action for wrongful death by filing suit within the 2-year limitation period, thus perfecting their right to proceed and preventing the extinguishment of their cause

1. *Transnational Ins. Co. v. Simmons*, 19 Ariz.App. 354, 507 P.2d 693 (1973); *Detroit Automobile Inter-Insurance Exchange v. Hafendorfer*, 38 Mich.App. 709, 197 N.W.2d 155 (1972); *Pickering v. American Employers Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971); *Turlay v. Farmers Ins. Exchange*, 259 Or. 612, 488 P.2d 406 (1971); *Booth v. Fireman's Fund Ins. Co.*, 253 La. 521, 218 So.2d 580 (1969); *Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969); *DeLuca v. Motor Vehicle Accident Indemnification Corp.*, 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); *Schleif v. Hardware Dealer's Mutual Fire Ins. Co.*, 218 Tenn. 489, 404 S.W.2d 490 (1966).

of action by lapse of time, whereas plaintiffs in the case here for review let their cause of action die.

The order and judgment dismissing Count I is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.