Olan BYRN and Betty L. Byrn,
guardians of Brian M. Byrn,
Plaintiffs-Appellants,

v.

AMERICAN UNIVERSAL INSURANCE
CO., Defendant-Respondent.

No. 37755.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 22, 1977.

J. William Holliday, Kahoka, for plaintiffs-appellants.

J. Patrick Wheeler, Canton, Anderson & McMurray, Barry M. Anderson, Keokuk, Iowa, for defendant-respondent.

GUNN, Judge.

In this rather classic conflict of laws or, if preferred, choice of laws case, we are confronted with the issue of whether to apply the Iowa guest statute or Missouri tort law. Judy Lynn Byrn a Missouri resident, was a passenger in a car owned and operated by Robert W. Anderson, an uninsured motorist and an Iowa resident. The car left the road and struck an embankment and a utility pole in the State of Iowa. Judy Byrn and Anderson died as a result of the accident. This action was instituted by the guardians of Judy Byrn's sole surviving child, Brian M. Byrn, in an attempt to recover from defendant, American Universal Insurance Company, the maximum coverage provided under the uninsured motorist provision of the insurance policy issued by the defendant to Judy Byrn. The pertinent portion of the uninsured motorist provision provides that the "company will pay all sums which insured or legal representative shall be *legally entitled to recover* as damages from the owner or operator of an uninsured automobile because of bodily injury . . . including death resulting therefrom . .sustained by insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. . . ." (emphasis added)  The trial court granted summary judgment in favor of the insurance company, holding that the Iowa guest statute, (§ 321.494 Iowa Code, 1975), which provides that an owner or operator of a car will not be liable for damages to a guest unless, inter alia, such damage was caused as a result of the reckless operation by him of such motor vehicle, was applicable and barred recovery on the facts as stipulated in this case. The plaintiffs appeal, contending that the Iowa guest statute should not be applied in this case. They argue that Missouri's ordinary negligence law should be applied thereby entitling them to recovery.

The case was tried before the trial court upon stipulated facts. The parties agreed that Robert Anderson was a resident of Iowa; that his car was registered in Iowa; and that the accident occurred in Iowa. They also agreed that the guest-host relationship was created in Iowa; that Robert Anderson was an uninsured motorist as defined in the insurance policy; and that the accident resulted from his negligence. It was agreed that Mr. Anderson's conduct was not reckless and wanton as contemplated by the Iowa guest statute. Finally, it was stipulated that Judy Byrn and her son were residents of Missouri and that the damages for the wrongful death of Judy Byrn exceed $10,000, which is the limit of the defendant's liability under the policy.

For recovery under the uninsured motorist provisions of the policy, plaintiffs have the burden of proving: 1) that Mr. Anderson was uninsured; 2) that he would be legally liable to Judy Byrn; and 3) the amount of such liability. *Hill v. Seaboard*

*Fire & Marine Ins. Co.,* 374 S.W.2d 606, 609 (Mo.App.1963). Through stipulation, the parties have agreed that the first and third requirements have been met. We are therefore concerned only with the second— whether Anderson would be legally liable to Judy Bryn. As noted, the policy provides that "the company will pay sums which the insured or legal representative shall be *legally entitled to recover* as damages from the owner or operator of an uninsured automobile." (emphasis added).[1] While it is not necessary for the insured or his legal representative to obtain a judgment from the uninsured motorist prior to enforcing his rights against his own insurance company, *Hill v. Seaboard Fire & Marine Ins.,* supra, the plaintiff must show that the uninsured motorist would have been liable to the insured. See *Crenshaw v. Great Central Ins. Co.,* 527 S.W.2d 1 (Mo.App. 1975), where the court said: "In order to prevail in this contract action . . . plaintiffs must establish that at the time this litigation against the insurer was commenced they were legally entitled to recover damages from the owner or operator of the uninsured highway vehicle. In other words, as an essential element of plaintiffs' cause of action in contract plaintiffs must be able to demonstrate their right to recover for the wrongful death of their son." *Id.,* at 4. This requirement is consistent with the underlying purpose of the uninsured motorist statute, § 379.203 RSMo Supp.1975, which is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. *Brake v. MFA Ins. Co.,* 525 S.W.2d 109, 112 (Mo.App.1975); *Webb v. State Farm Mutual Automobile Ins. Co.,* 479 S.W.2d 148, 151 (Mo.App.1972). If the injured party is not legally entitled to recover from the uninsured motorist, then the injured party's insurance company is not liable under the uninsured motorist provisions of the contract. The case of *Noland v. Farmers Ins. Exchange,* 413 S.W.2d 530 (Mo.App.1967), illustrates this point. In *Noland,* the plaintiff, who was within the coverage of an uninsured motorist provision, was injured when the car she was riding in was struck from behind by a car driven by the plaintiff's husband. He was an uninsured driver. Under the terms of the insurance policy involved in *Noland,* the insurance company would pay all sums which the owner or operator of an uninsured motor vehicle would be "legally responsible to pay as damages to the insured." *Id.,* at 532. The court held that since neither spouse may maintain a civil action against the other during coverture based on a tort occurring during coverture, the uninsured motorist—in this case the plaintiff's husband—was not legally responsible to pay damages to the insured. Therefore, in harking back to the policy provisions, the court found that the insurance company was not liable under its policy. See also *Crenshaw v. Great Central Ins. Co.,* supra.

Applying the foregoing legal rubric to the case before us, we must determine whether the plaintiffs would have been entitled to recover damages from Robert Anderson arising from the wrongful death of Judy Byrn. Resolution of this issue turns on the applicability of the Iowa guest statute to the underlying question of Robert Anderson's liability. If the Iowa law were to apply, Robert Anderson would not be liable, as the plaintiffs have stipulated that his conduct was not wanton or reckless as envisioned in the statute. If Missouri law, which does not limit the liability of a host-driver, were held to control, Robert Anderson would have been liable, as the defendant stipulated that his conduct was negligent. We are thus confronted with a choice of laws problem, to be resolved under the "most significant relationship" test adopted in Missouri in *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. banc 1969). The rule adopted in *Kennedy* is set forth in § 145 of the Restatement 2nd on Conflict of laws:

"§ 145. The General Principle.

"(1) The rights and liabilities of the parties with respect to an issue in tort are

---

1. The emphasized phrase is taken from § 379.203.1 RSMo Supp.1975.

determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

"(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue."

Section 145 framed in reference to § 6 which sets out general choice of law principles:

"§ 6 Choice-of-Law Principles

"(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

"(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) The needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied."

In *Griggs v. Riley,* 489 S.W.2d 469 (Mo.App.1972), this court was confronted with the applicability of another state's guest statute. After a comprehensive anal-ysis of the various factors listed in § 145 and § 6, the court found § 145(2)(c) and (d) and § 6(b) and (c) to be the most significant in analyzing which state's law should apply. *Id.,* at 473. In applying these factors to the question of whether the plaintiffs would be legally entitled to recover from Robert Anderson, (whether the Iowa guest statute should apply), we find that Iowa would have the most significant relationship to this issue, and that its guest statute would apply to bar plaintiffs' recovery. Under the "contract points" listed in 145, we find:

1) Robert Anderson was an Iowa resident;

2) The guest-host relationship was created in Iowa;

3) The accident occurred in Iowa;

4) Judy Byrn was employed in Iowa and had apparently left her car at her place of employment to ride on the Iowa highways with Mr. Anderson. There was no indication that her trip with Mr. Anderson, which began in Iowa, was to terminate anywhere other than Iowa.

Balanced against the foregoing, is the fact that Missouri's sole contact was that the guest, Judy Byrn, was a Missouri resident. The question then, is whether the single factor of Ms. Byrn's Missouri residence is sufficient to overcome the weight of the Iowa contact points. Even under *Kennedy v. Dixon,* supra, and *Griggs v. Riley,* supra, we think not.

In reviewing the determinative factors of § 6 as that section applies to tort situations, (the respective policies and interests of Missouri and Iowa), we find that Iowa's interest in having its law applied to the potential liability of Robert Anderson overrides any Missouri interest in the determination of this issue. As stated by the Iowa Supreme Court in *Keasling v. Thompson,* 217 N.W.2d 687 (Ia. banc 1974), the purpose of that State's guest statute is to protect " 'the good samaritan' from liability to free-riding passengers as distinguished from passenger liability when the owner or driver is receiving some definite and tangible benefit." *Id.,* at 690. Thus, through enactment of its

quest statute, Iowa has expressed a particular interest in protecting the gratuitous host. Missouri's interest in determining Robert Anderson's liability to the plaintiffs concerns our policy to compensate parties negligently injured. See *Griggs v. Riley.* However, due to the fact that the host was an Iowa resident, that the guest-host relationship was entered into in Iowa, and injury occurred there, we are compelled to find that Iowa's interests override those of Missouri. Thus, the question of Robert Anderson's liability would be determined under Iowa law.[2] This result is consistent with the comment to subsection (2) of § 145 of the Restatement Second:

> "[W]hen the plaintiff is injured . . . while riding as a guest passenger in an automobile, the state where his relationship . . . to the driver of the automobile is centered may be the state of the applicable law. This is particularly likely to be the case if other important contacts, such as the place of injury or the place of conduct or the domicil or place of business of the parties, are also located in the state." Restatement, Second, Conflicts of Laws § 145, Comment on Subsection (2) at 421–22.

See also *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970).[3] As Iowa's law would govern this issue, and further, as the plaintiffs have stipulated, Robert Anderson would not be liable under the guest statute —certainly, had Ms. Byrn lived and brought suit in Iowa against Mr. Anderson she could not have recovered—we must hold that the plaintiffs are therefore not "legally entitled" to recover from him. This being the case, the defendant is not liable to the plaintiffs under the uninsured motorist provisions of the insurance contract. *Cren-*

**2.** Were it difficult to determine which state, Missouri or Iowa, had the most significant relationship, we would be obligated to apply the substantive law of the place of the tort. *Kennedy v. Dixon,* supra. But in this case it is manifest that the most significant contacts are in Iowa, and the Iowa law must be applied.

In order for us to find for plaintiffs, however sympathetic we might be to their cause, we would have to ignore the application of the § 145 and § 6 principles followed in *Kennedy v. Dixon,* supra, and move toward the direction of allowing recovery merely because Missouri has a "better law" on the subject—an extreme theory adopted by the state of Wisconsin. In *Zelinger v. State Sand & Gravel Co.,* 38 Wis.2d 98, 156 N.W.2d 466 (1968), and *Conklin v. Horner,* 38 Wis.2d 468, 157 N.W.2d 579 (1968), the Wisconsin Supreme Court found that guest-host statutes were anachronistic vestiges of the law of enterprise liability and per se pernicious. The Wisconsin courts applied Wisconsin law which allowed recovery for ordinary negligence as "better law" in choice of laws situations where Wisconsin was the forum, even though the § 145 and § 6 principles of the guest-host statute states outweighed Wisconsin interests. In *Zelinger,* supra, it was said at 473: "While in this case we consider our own law to be the better law, we must state it is applied for that reason and not because it is the law of the place of wrong or the law of the forum. All other considerations being the same on this issue, we would apply the law of the nonforum state if it were the better law." See also *Clark v. Clark,* 107 N.H. 351, 222 A.2d 205 (1966). The "better law" rule has been criticized for its obvious imprecise method of application. Anot., 29 A.L.R.3d 603 (1970), provides an excellent and complete discussion on the current rule status of choice of laws regarding multi state tort action, including reference to the "better law" rule. We also note that in the Wisconsin cases applying the "better law" rule, there were substantial contacts in Wisconsin; not so here.

**3.** In *Cipolla v. Shaposka,* supra, the driver was a Delaware resident, driving a car licensed and registered in that state. While driving in Delaware, with a passenger who was domiciled in Pennsylvania, the car was involved in an accident. In a suit arising from this accident, the Pennsylvania court, applying the "most significant contacts" approach, found that the Delaware guest statute was applicable in determining the driver's liability. Pennsylvania, like Missouri, has no guest statute. A vigorous dissent was written suggesting that Pennsylvania law should have been applied. See also *Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y. S.2d 64, 286 N.E.2d 454 (1972), in which three rules applicable to various factual patterns arising out of guest statute cases are set forth. The second rule applies to the facts of the accident in the case before us:

> "When the driver's conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile." *Id.,* 335 N.Y.S.2d at 70, 286 N.E.2d at 457–58.

*shaw v. Great Central Ins. Co.,* supra; *Noland v. Farmers Ins. Exchange,* supra.

We note that this is an unusual means for a conflict of laws problem to arise. Normally, such problems arise when the parties to the suit contend that different states' laws apply to the cause of action being pursued. In analyzing which law applies, the forum is able to discern the various states' interests in the parties and the applicability of the various § 145 and § 6 factors. In this case, however, the suit is on a contract, see *Crenshaw v. Great Central Ins. Co.,* supra, entered into in Missouri by a Missouri citizen and a corporation licensed to do business in Missouri. Thus, on the surface, only Missouri is involved in this litigation. However, due to the contract provision, the defendant's liability is premised on the liability of a third person who is not a party to this suit. The choice of laws problem arises in determining the third party's legal responsibility to the plaintiff in this case. We thus find ourselves in the anomalous position of finding that as Iowa's guest statute applies the third party's liability to the plaintiff, that statute also bars the plaintiff's recovery from the defendant. We find ourselves applying Iowa law in a suit between two parties situated in Missouri who are suing and being sued on a contract entered into in Missouri. As to these two parties, certainly Iowa has no real interest in seeing its guest statute applied; yet we find ourselves compelled to apply it.

For their second point plaintiffs argue that if we find Iowa's guest statute controlling on the choice of laws issue, we should nevertheless not apply the law as it is "unconstitutional as violative of the equal protection clause of both the Constitution of the United States and the Constitution of the State of Iowa." This argument is somewhat chimerical, as the Iowa Supreme Court has upheld the constitutionality of Iowa's guest statute against the specific charge leveled here by plaintiffs. *Keasling v. Thompson,* supra; *Strauser v. Bryant,* 217 N.W.2d 706 (Iowa banc 1974). And in the vintage case of *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929), a guest statute was held not to be in violation of the United States Constitution equal protection clause.[4]

■ Plaintiffs state that they are "not asking [this] court to openly declare the Iowa law unconstitutional," and, indeed, we shall not. Under the Full Faith and Credit clause of the United States Constitution, one state cannot refuse to give effect to a substantive defense available under the applicable law of another state. *Bradford Electric Light Company, Inc. v. Clapper,* 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932). This applies in this case even though Iowa's guest statute expresses a different policy than that existing in Missouri.

The judgment is affirmed.

KELLY, P. J., dissents.

LITZ, J., concurs.

KELLY, Presiding Judge (dissenting.)

I respectfully dissent. In concluding that the appellants are barred from recovery by reason of the Iowa guest statute the majority, I believe, have chosen to afford to the respondent a defense which should not be available to it in the courts of this State because this cause of action is not a tort action and I conclude that by this decision the majority has engrafted onto the contract of insurance the law of a foreign state which was not contemplated by the parties to the contract at the time it was entered into.

Since the advent of the uninsured motorist endorsement on automobile liability insurance policies issued for the protection of

---

4. The constitutionality of guest statutes was upheld in: *Justice v. Gatchell,* 325 A.2d 97 (Del.1974); *Cannon v. Oviatt,* 520 P.2d 883 (Utah 1974); *Tisko v. Harrison,* 500 S.W.2d 565 (Tex.Civ.App.1973). But several states have found guest statutes in violation of both the federal and state constitutions: *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974); *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974); *Brown v. Merlo,* 8 Cal.3d 885, 106 Cal.Rptr. 388, 506 P.2d 212 (banc 1973).

the insured motorist who, unfortunately, has fallen victim to the negligent and irresponsible tort-feasor who has carried no liability insurance to protect those whom he might injure or kill, much of the litigation has centered around the construction of the terms "legally entitled to recover damages." How these terms are construed depends upon how the reviewing court understands the purpose for the uninsured motorist endorsement. I will not lengthen this opinion by attempting to review the history of this type of insurance coverage nor the statutory enactments requiring it, but the appellate courts of Missouri have decided that the purpose of the Missouri Uninsured Motorist Statute, § 379.203 RSMo.1969, V.A.M.S. is to afford to the person injured by an uninsured motorist the same protection he would have, had he been injured or damaged by an automobile being operated by an insured motorist. *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 4 (Mo.App. 1975) and cases cited therein.[1] Under this view, in order to prevail in what is admittedly a contract action, the injured insured suing on the contract to recover under the uninsured motorist provision of his automobile policy must establish (1) that the other motorist was in fact uninsured, (2) that at the time the litigation against the insurer was commenced he was legally entitled to recover damages from the owner or the operator of the uninsured vehicle, and (3) the amount of the damages caused by the uninsured motorist. *Hill v. Seaboard Fire & Marine Ins. Co.*, 374 S.W.2d 606, 609[1] (Mo.App.1963) and its progeny.

However, the crux of the problem is construction of the terms "legally entitled to recover." While the uninsured motorist coverage required by the statute does not specify what, if any, defenses are available to the insuror, the Courts have construed it to mean that the defendant must be proved

legally liable to the insured, *Hill v. Seaboard Fire & Marine Ins. Co.*, supra, and therefore the insuror is entitled to the same defenses to which the uninsured motorist would be entitled were the insured to pursue his remedies against the uninsured motorist rather than against the insuror. *Reese v. Preferred Risk Mutual Ins. Co.*, 457 S.W.2d 205 (Mo.App.1970) implies that the insured, to recover, must be free of contributory negligence if raised by the insuror. *Noland v. Farmers Ins. Exchange*, 413 S.W.2d 530, 533[5] (Mo.App.1967) barred the plaintiff-wife from recovering against her husband, the uninsured motorist, who rear-ended a car in which his wife was a passenger but whose owner and operator had uninsured motorist coverage with the defendant insuror. The basis for this decision was that since the wife could not maintain a civil action against her husband for a personal tort, therefore the uninsured motorist—her husband—could not be legally responsible to pay damages to the insured under the terms of the uninsured motorist policy. *Crenshaw v. Great Central Ins. Co.*, supra, barred the plaintiff from recovering in a wrongful death case by reason of the two year statute of limitations applicable to wrongful death actions. These cases are not controlling here because they do not involve any defense not afforded any motorist in Missouri under Missouri law.

The majority opinion relies on a series of choice of law decisions involving the application of the guest statute in personal injury actions against a defendant motorist and not those against the insuror on an uninsured motorist endorsement such as we have here. In resorting to choice of law cases where tort principles alone are involved I believe that the majority opinion has ignored other legal principles and considerations which have a more significant bearing on what law is to be applied in this

---

1. There is another viewpoint, recognized by this court in *Reese v. Preferred Risk Mutual Ins. Co.*, 457 S.W.2d 205 (Mo.App.1970)—the "fault" approach followed by Wisconsin, Michigan, Rhode Island, Oregon, Louisiana, Tennessee and *DeLuca v. Motor Vehicle Accident Indemnification Corp.*, 17 N.Y.2d 76, 268 N.Y.

S.2d 289, 215 N.E.2d 482 (1966). However, even *Reese* impliedly, at least, indicated that contributory negligence would be a defense for the insurer in a suit on the uninsured motorist endorsement to his automobile liability insurance policy.

case and what defenses should be available to this respondent.

The contract of insurance on which this cause of action is founded is a contract entered into within the State of Missouri by a Rhode Island corporation doing business in Missouri, through an agent whose offices are in Kahoka, Missouri, and purchased by a Missouri domiciliary, to cover her automobile which was registered and garaged in Missouri. The policy of insurance was required by the Uninsured Motorist Law of Missouri to contain an endorsement for the protection of persons insured under the policy of insurance who "are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury etc." Pursuant to this statutory mandate the policy of insurance sold to the deceased insured contained that endorsement. The policy was written to afford the insured the protection required by Missouri law for a Missouri insured in every state of the United States, its territories or possessions, as well as Canada. It was not incorporated in the contract of insurance between the insured and the insurer for the purpose of affording the uninsured motorist free liability insurance. Missouri has no guest statute, and although the insurer is entitled to those defenses available to the Missouri uninsured motorist were he sued in a Missouri court, I seriously question whether this contract of insurance also entitles the insurer to any defenses not available to Missouri uninsured motorists in the courts of Missouri.

Since this is a contract action, I believe the choice of law principles controlling are those peculiar to contracts. In contract actions choice of law may be approached from different angles. The familiar rule is that the construction of the contract is governed by the law of the place where it was made. If that approach is employed in this case, then it would appear that the law of Missouri would be controlling because according to the terms of the policy of insurance it became effective at 12:01 a.m. on January 8, 1971, at the address of the named insured, which was stated in the policy of insurance to be R.R. # 3 Kahoka, Missouri, 63445. Or even under the most recently formulated theory of choice of laws, the "grouping of contacts" or "center of gravity" theory, certainly the most significant contacts with respect to the contract of insurance necessarily dictate that Missouri law be applied. The majority opinion has based its choice of laws on the contacts with the State of Iowa, i. e. the tort contacts. I would make the choice of law dependent upon the contract contacts. It is obvious that Iowa had no contacts if that approach is adopted, and therefore Iowa can have no interest in what law is applied. The uninsured tort-feasor, an Iowa resident, is not a party to this suit nor is his estate. And even though this contract contains a Trust Agreement provision, any suit against the estate of the deceased uninsured tort-feasor in Iowa would be barred by the Iowa guest statute, since it necessarily would have to be brought in Iowa where Iowa law, and the Iowa guest statute, would be applied. I do not view this inability of the insurer to recoup its losses as significant, for it is in the nature of this line of insurance that recovery against the uninsured motorist is unlikely at best. Were it otherwise, the insured would not proceed under the uninsured motorist endorsement but would sue the tort-feasor directly.

I am aware of the fact that Missouri has in tort cases continued to enforce against Missouri domiciliaries in some circumstances, the guest statutes of sister states, despite the fact Missouri has no statute so regressive and anachronistic to apply to cases arising in Missouri. However, that is no reason, in my opinion, to continue that favoritism shown foreign tort-feasors where the cause of action is not in tort but is in contract. The very purpose of § 379.203 RSMo.1969, V.A.M.S., is to afford relief to Missouri residents where they were formerly without hope of compensation by reason of injuries and damage visited upon them by the negligence of irresponsible owners and operators of motor vehicles. In enacting the Uninsured Motorist Law of Missouri the General Assembly did not limit the coverage thereby afforded to the opera-

tion of motor vehicles within the four corners of the State of Missouri. In writing its policy of insurance the insurer did not limit the coverage to these same four corners of the State of Missouri; rather, it extended the coverage to each of the United States, its territories and possession, and even Canada. Nothing, however, was set forth in the policy to the effect that defenses peculiar to the several states, the territories and possessions of the United States and Canada would be interposed should a claim be made under the contract of insurance; the only inkling was inclusion of the terms "legally entitled to recover" in the contract of insurance. While this might alert the policy holder to defenses available to Missouri residents under Missouri law it did not notify them that defenses unavailable to Missouri residents by reason of accidents occurring in Missouri would be available to bar recovery were the injuries and damages sustained in a state having a guest statute.

I believe that the terms "legally entitled to recover" are ambiguous in this context. This court, in *Reese v. Preferred Risk Mutual Ins. Co.,* supra, came to this same conclusion in the posture of that case. The Kansas City District of this court, in *Noland v. Farmers Ins. Exchange,* supra, concluded that in the posture of that case they were not. If, as I believe, these terms are ambiguous, they must then be construed against the insurer—the drafter of the insurance policy—and in favor of the insured.

Turning then to choice of law as applied to contracts, I would hold that the insurer, under the statute and the terms of this insurance policy, is entitled to the same defenses against the claim of the appellants in this case available to any Missouri uninsured motorist had the accident occurred in Missouri; but that it is not entitled to interpose the defense of the Iowa guest statute to bar appellant's recovery. This approach is, I think, consistent with either the "law of the place" or the "grouping of contacts" approach to choice of law. By reaching this conclusion, the purpose for which the Missouri Uninsured Motorist Law was enacted

will be attained without taking advantage of the insurer, and by giving the insured the benefit of construing an ambiguous condition precedent against the party to the law suit who drafted the instrument, a familiar rule of construction in contract cases will have been observed.

I would reverse the judgment of the trial court and enter, in this court, a judgment for the appellants. Rule 84.14 V.A.M.R.