Marilyn Sue HUNT, Kimberly Sue Hunt,
Carl Lee Hunt and Lou Ann Hunt,
Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Respondent.

No. 10144.

Missouri Court of Appeals,
Springfield District.

Dec. 1, 1977.

Motion for Rehearing or Transfer
Denied Dec. 20, 1977.

Application to Transfer Denied
Feb. 8, 1978.

Charles E. Buchanan, Buehner & Buehner, Joplin, for plaintiffs-appellants.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

Plaintiffs, who are the widow and surviving minor children of William R. Hunt, deceased, brought this action against the defendant insurer upon the uninsured motorist provisions of their policy. Upon defendant's motion, the trial court has entered a summary judgment. Plaintiffs appeal.

■ Preliminarily, we may say that summary judgments have not been generally favored by our courts, *Pagan v. City of Kennett*, 427 S.W.2d 251, 252–253[1–4] (Mo. App.1968), but it is also clear that a defendant may employ a motion for summary judgment to assert any affirmative defense which entitles him to judgment as a matter of law. Thus, when the pleadings, affidavits, admissions and the responses thereto manifestly show that the plaintiffs' action is barred by limitation, as is the case here, a summary judgment may be entered, even if some collateral, immaterial factual disputes exist. *Johnson v. Grim-Smith Hospital*, 453 F.2d 1253 (8th Cir. 1972); 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2734 (1973). We have concluded that the motion for summary judgment was properly granted in this case.

Fairly stated, the record shows that William R. Hunt, plaintiffs' decedent, was killed in a vehicular collision on April 30, 1971. Mr. Hunt was riding a 1970 Honda motorcycle; it is alleged that one James R. Gaw struck the motorcycle while he was negotiating a left turn. Mr. Hunt was killed, and it appears that Mr. Gaw was uninsured.

Defendant had issued an automobile insurance policy to William R. Hunt and plaintiff Marilyn S. Hunt extending various coverages upon a 1966 Ford from January 27, 1971, to September 13, 1971. The policy provided uninsured motorist coverage subject to an exclusion withholding such coverage in the event the insured was not operating an "owned" vehicle. The effect of the exclusion was to confine the uninsured motorist coverage to the vehicle or vehicles described in the declarations, and the Honda motorcycle was not so described.

■ On May 4, 1971, some person representing the plaintiffs contacted the defendant's agent, the agent who had issued the policy, and requested that the named insureds be changed to Marilyn S. Hunt because William R. Hunt had been killed. We find no record indication that prior to the time this action was instituted, the plaintiffs ever made any formal or informal claim against the defendant under the uninsured motorist provisions of their policy. Plaintiffs in their brief say that plaintiff Marilyn Hunt sought the advice of an attorney soon after the accident; the attorney read the policy and advised plaintiff Marilyn that the exclusion noted was valid and the policy did not cover her husband's death. Nothing further was done until July 24, 1974, when this action was filed seeking recovery upon the uninsured motorist provisions of the defendant's policy. Defendant by its answer pleaded the bar of limitation as provided by § 537.100 RSMo (1969), V.A.M.S. The sole and dispositive issue presented is whether this action upon the insurance contract is barred by that statute, which provides that actions for wrongful death shall be commenced within two years.[1] It stands admitted that plain-

---

1. We bear in mind that § 537.100 includes a tolling proviso, but in our opinion plaintiffs were required to plead any matter in avoidance of the statute of limitations; Rule 55.01 V.A.

M.R. requires that ". . . [A] defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." See also *Bennett v. Metropolis Pub.*

tiffs' cause of action accrued April 30, 1971, and that no action of any sort was commenced for more than three years.

■ The plaintiffs vigorously argue that the trial court erred in granting the motion for summary judgment because the policy provision excluding unscheduled automobiles is void. It is now clear that such an exclusion impermissibly limits the public policy reflected in § 379.203, RSMo Supp. 1975.[2] *Otto v. Farmers Insurance Company,* 558 S.W.2d 713 (Mo.App.1977). The merits of this appeal, however, do not turn upon the validity or invalidity of the policy provision excluding unscheduled vehicles from uninsured motorist coverage. The decisive question, as noted, is whether this action is barred by the two-year statute of limitation applicable to wrongful death cases or whether the ten-year statute generally applicable to contract actions, § 516.-110(1), RSMo (1969), V.A.M.S., controls.

■ The uninsured motorist provision of the policy in suit obligates the defendant "[T]o pay all sums which the insured or his legal representative *shall be legally entitled to recover.*" (our emphasis). As all parties recognize, the key and operative phrase is "legally entitled to recover." The plaintiffs vigorously argue that the phrase means only that they must be able to establish fault on the part of the uninsured motorist and the absence of contributory negligence on the part of their decedent, as was held— or indicated—in *Reese v. Preferred Risk Mutual Insurance Company,* 457 S.W.2d 205, 208–209 (Mo.App.1970), and the authorities there cited. In light of the court's decision in *Crenshaw v. Great Central Ins. Co.,* 527 S.W.2d 1 (Mo.App.1975), we must hold otherwise. In *Crenshaw,* plaintiffs brought an action upon the uninsured motorist provisions of their automobile liability policy, seeking to recover for the wrongful

death of their son Dale. The record demonstrated that the plaintiffs had not appropriated their cause of action within two years, as is the case here. The court held, 527 S.W.2d at 4:

. . . [The action] is governed by the 10-year statute of limitations . . . [I]n order to prevail, . . . however, plaintiffs must establish that at the time this litigation against the insurer was commenced they were legally entitled to recover damages from [the uninsured motorist]. In other words, as an essential element of plaintiffs' cause of action in contract plaintiffs must be able to demonstrate their right to recover for the wrongful death of their son. As a matter of law plaintiffs cannot make such a showing because at the time this action in contract was filed plaintiffs no longer had a cause of action against the third party tort-feasors . . . Compliance with the requirement that an action for wrongful death be commenced within two years is a *necessary condition attached to the right to sue—not merely a statute of limitations in the ordinary sense* . . . (emphasis added).

The legal niceties involved in the kind of litigation we have before us are ably and fully discussed in *Crenshaw, supra,* we cordially agree with the court's ruling, and accordingly hold that the plaintiffs' action was barred by limitation.

■ As a further argument, the plaintiffs contend that the defendant insurer is now estopped to rely upon the two-year statute of limitation because their failure to appropriate their cause of action within two years was induced by the defendant's misrepresentation. It is, of course, familiar law that an insurer may in some circumstances estop itself from denying coverage upon a particular ground when it has acted

---

Co., 148 S.W.2d 109, 110[2] (Mo.App.1941), cert. quashed *State ex rel. Bennett v. Hughes, et al.,* 348 Mo. 667, 155 S.W.2d 184 (banc 1941). Here the plaintiffs pleaded a species of estoppel, but nowhere is there any affirmative allegation of any tolling of § 537.100.

2. § 379.203, RSMo Supp.1975, our uninsured motorist statute, was enacted to compel the acceptance of uninsured motorist coverage on motor vehicles registered or principally garaged in this state. For a discussion of the statute see Cox, Uninsured Motorist Coverage, 34 Mo.L.Rev. 1, 3–4 (1969).

to the insured's prejudice, *Schmidt v. National Auto. & Cas. Ins. Co.,* 207 F.2d 301 (8th Cir. 1953); *Morris v. Reed,* 510 S.W.2d 234, 240[9] (Mo.App.1974), but the doctrine of "insurance by estoppel" has no application here. The plaintiffs do not contend, nor could they, that any claim was ever made upon the policy until this action was filed. What the plaintiffs maintain is that the written policy provisions raise a sort of estoppel. Plaintiffs have cited no authority which supports this argument, and in the course of a reasonable independent research, we have found none. This point is without merit.

For the reasons indicated, the judgment is affirmed.

All concur.