**James Elmore HAWES, Appellant,**

v.

**WESTVACO CORPORATION and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 5, 1979.

Bill Graves, Paducah, for appellant.

Earle T. Shoup, Paducah, for appellee Westvaco Corp.

Before HOGGE, REYNOLDS and VANCE, JJ.

VANCE, Judge.

The question is whether the Workmen's Compensation Board may limit an award to the schedule benefits enumerated in K.R.S. 342.730(1)(c) 22 for an injury which resulted in a 15% functional disability to the leg?

The appellant sustained an injury to his right knee in March, 1975. He worked in a laboratory, and following the injury he has returned to work at the same job and at a higher rate of pay.

His condition was diagnosed as chondromalacia of the patella and was treated surgically by shaving the patella. Although he has now returned to work and is able to perform the duties of his job, his treating physician indicated that it would be reasonable to anticipate future complications. Based upon the likelihood that future treatment will be required and upon the findings when surgery was performed, the doctor established a 15% functional disability to the knee. Heavy lifting, excessive stair climbing or squatting, or any activity that causes contraction of the quadriceps under force, will have some tendency to aggravate the condition.

The Board made a finding that this claim should be scheduled pursuant to K.R.S. 342.-730(1)(c) 22 and thus limited benefits to 15% loss to the leg. The circuit court affirmed.

K.R.S. 342.730(1)(c) 27 provides that compensation benefits shall not be limited to the scheduled losses if the injury adversely affects a workman's ability to labor or limits his occupational opportunities to obtain the kind of work he is customarily able to do.

In *Blair v. General Electric Company*, Ky., 565 S.W.2d 631 (1978), it was held as a matter of law that the Board erred in limiting benefits to the scheduled loss statute for the loss of vision in one eye because loss of vision in one eye will necessarily limit a workman's ability to labor and limit his occupational opportunities. It was held that the Workmen's Compensation Board should have determined the extent of Blair's occupational disability, and if the benefits for occupational disability would exceed those payable under the scheduled losses, Blair would be entitled to the greater benefits. In applying the reasoning of *Blair, supra*, to permanent partial disability cases, the Supreme Court in *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277, 284 (1978), states that,

> [t]he procedure in permanent partial disability cases is to first determine the degree of disability as shown by the evidence presented, including wage loss. This figure is used in the computation scheme in subsection (1)(b) to arrive at the amount due the employee. If the scheduled loss table is applicable, the amount due under that section is determined. This figure is compared with the figure arrived at by use of the (1)(b) computation formula. The employee is entitled to the greater award of these two.

No doubt if appellant in this case had lost a leg he, as a matter of law, would have sustained an injury of appreciable proportions, which would have limited his employment opportunities or shortened his work life, thus entitling him to measure of occupational disability even though he is now earning a greater wage than he earned when injured. However, appellant has not lost a leg, but has only injured his knee. His 15% functional disability to the knee has not prevented him from returning to work.

The real question in this case is whether the appellant has sustained an occupational disability which will entitle him to benefits larger than those provided by the scheduled loss. The answer to the question requires the factual determination of three other questions:

(1) Was the injury one of appreciable proportions?

(2) Will it probably shorten the appellant's work life or limit his future employment opportunities?

(3) If questions (1) and (2) are answered affirmatively, then what is the percentage of occupational disability caused by the 15% functional disability to the knee?

*See Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968).

The Workmen's Compensation Board did not make a specific finding of fact on any of these issues. It did not make a finding as to whether the injury was appreciable or whether it would probably shorten appellant's work life or limit his employment opportunities. It should make such determinations, and if it determines that occupational disability exists, it must then make the calculation and comparison required by *Finn, supra*.

Appellee Westvaco Corporation insists that the Board did make a finding that the injury was not appreciable or that it would not limit appellant's employment opportunities or shorten his work life, at least implicitly, when it made the determination that the award was limited to K.R.S. 342.-730(1)(c) 22.

This is a conclusion, not a finding of fact. If the Board had reached this conclusion because it had found that the injury was not appreciable or that appellant's ability to labor was not limited by the injury, the only

question on review would be whether the evidence was so overwhelming as to require a different finding.

But here no such findings were made, and for all we know the award may have been limited upon the mistaken notion that limitation was required since the injury was to a part of the body enumerated in the scheduled losses and without consideration of K.R.S. 342.730(1)(c) 27. In view of this, it is necessary that the case be remanded for further findings.

The judgment is vacated with direction that the case be remanded to the Workmen's Compensation Board for additional findings and for entry of an award in conformity with those findings.

All concur.