**Susan J. TAYLOR, Personal Representative of James A. Mitchell, Deceased, Susan J. Taylor, Individually, Sharon Farrell, surviving daughter of James A. Mitchell, and Della Mitchell, surviving spouse of James A. Mitchell, Plaintiffs/Appellants,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant/Respondent.**

No. 19956.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 29, 1995.

Motion for Rehearing and Transfer to Supreme Court Denied Sept. 20, 1995.

Application to Transfer Denied Oct. 24, 1995.

Daniel D. Whitworth, Myers, Taylor and Whitworth, P.C., Joplin, for appellants.

William J. Lasley, Flanigan, McCanse & Lasley, Carthage, for respondent.

CROW, Judge.

On May 2, 1991, James A. Mitchell, a resident of Springfield, Missouri, was walking across a street in Las Vegas, Nevada. He was struck by a motor vehicle driven by a Las Vegas resident, sustaining bodily injuries from which he died three days later.

This appeal arises from a suit by Mitchell's widow, his two daughters, and his personal representative against Defendant, Farmers Insurance Company, Inc., for "underinsured motorist" benefits under two insurance policies.

Defendant moved the trial court for summary judgment on two grounds: (1) the claim is barred by a Nevada two-year statute of limitations, adopted by § 516.190, RSMo 1994,[1] Missouri's "borrowing" statute, and (2) Plaintiffs "split" their cause of action by filing the instant suit after filing a suit in Nevada.

The trial court granted Defendant's motion. This appeal followed.

Plaintiffs present two points relied on, the second of which reads:

**"The trial court erred in finding that Defendant was entitled to summary judgment as a matter of law because Plaintiffs have not improperly split an indivisible action for wrongful death in that the action filed in Nevada is based on wrongful death and the action filed in Missouri is based on contract under a Missouri underinsured motorist insurance policy."**

Defendant's response is:

"Defendant concedes [Plaintiffs'] Point II. Defendant's counsel's research ... has led him to conclude that there are two separate and distinct causes of action: the

---

1. Section 516.190, RSMo 1994, reads: "Whenever a cause of action has been fully barred by the laws of the state ... in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

first cause of action is against the tortfeasor for wrongful death and the second, while containing mixed elements of tort and contract and while arising out of the death of the Plaintiffs' decedent, is not dependent upon the existence or absence of the wrongful death action. For that reason, Defendant hereby abandons the argument that Plaintiffs have improperly split a cause of action."

We are thus left with only Plaintiffs' first point. It asserts the instant suit is not time-barred in that the suit is a contract action and Plaintiffs filed it "within the Missouri statute of limitations applicable to contract actions." Resolving that issue requires a chronology of the relevant events.

On the date the motor vehicle struck James A. Mitchell ("Decedent"), insurance policy number 14 2626 57 38, issued by Defendant, was in force. It shows the named insured as:

"James Mitchell

Della Mitchell"

The policy covers a Ford Taurus, hence we refer to the policy as "the Taurus policy."

On the date the motor vehicle struck Decedent, insurance policy number 14 10380 10 50, issued by Defendant, was also in force. It shows the named insured as: "James A Mitchell." The policy covers a Pontiac STE, hence we refer to the policy as "the STE policy."

Each policy provides uninsured motorist coverage of $250,000 for "Each Person." Part II of each policy sets forth the insuring agreement for that coverage. It reads, in pertinent part:

"We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the ... operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person**. The **bodily injury** must be caused by **acci-**

**2.** Ms. Taylor is a resident of Jasper County, Missouri, which is the reason the instant suit was

**dent** and arise out of the ... use of the **uninsured motor vehicle.**

. . . .

As used in this part:

1. **Insured person** means:

 a. You or a **family member.**

 . . . .

 c. Any person for **damages** that person is entitled to recover because of **bodily injury** to you ...

. . . .

3. **Uninsured motor vehicle** means a motor vehicle which is:

 . . . .

 b. Insured by a **bodily injury** liability ... policy at the time of the **accident** which provides coverage in amounts less than the limits of Uninsured Motorist Coverage shown in the Declarations."

Both the Taurus policy and the STE policy were purchased through an agent of Defendant in Nixa, Missouri, while Decedent and his wife (now widow) were residing in Missouri.

The motor vehicle that struck Decedent was a Mitsubishi driven by George A. Brown ("Brown"). The Mitsubishi was insured by an automobile liability policy issued by Defendant, providing coverage of $30,000 per person. We refer to the policy as "the Mitsubishi policy."

Decedent was survived by his wife, Della Mitchell, and two daughters, Sharon Farrell and Susan J. Taylor.[2]

On April 30, 1993, a suit was filed against Brown in Las Vegas, Nevada, by:

"JAMES A. MITCHELL, deceased; JAMES A. MITCHELL ESTATE; DELLA R. MITCHELL, in her own right and as a beneficiary of

filed there.

the JAMES A. MITCHELL ESTATE;
SHARON FERRELL, in her own right
and as a beneficiary of the JAMES
A. MITCHELL ESTATE; SUSAN J.
TAYLOR,
in her own right and as a beneficiary of the
JAMES A. MITCHELL ESTATE;

Plaintiffs"

The suit sought damages for Decedent's death. We refer to it as "the Nevada suit."

The Nevada suit was timely filed. The statute of limitations pertinent to it is NRS[3] 11.190(4)(e), which provides that an action to recover damages for the death of a person caused by the wrongful act or neglect of another shall be commenced within two years.

The instant suit was filed by Plaintiffs on May 5, 1994. The first amended petition, which was pending when the trial court entered summary judgment, is in two counts. Count I seeks $250,000 under the Taurus policy and a like amount under the STE policy, "less any set off ordered by the Court for amounts collected under [the Mitsubishi policy]." Count II seeks damages for vexatious refusal to pay per §§ 375.296 and 375.420, RSMo 1994.

The record contains a document entitled "Covenant not to Execute and Agreement to Indemnify" dated August 22, 1994. For convenience, we refer to it as "the Covenant." It pertains to the Nevada suit.

The Covenant was entered into by the plaintiffs listed in the Nevada suit, designated "Covenantors," and Brown and Defendant, designated "Covenantees." The Covenant pertains to Defendant in its capacity as Brown's insurer only.

The Covenant provides that in consideration of the payment to Covenantors of $30,000 by Covenantees, Covenantors will not enforce against Covenantees, by execution or otherwise, any judgment that may be rendered in the Nevada suit.

The $30,000 was paid to Covenantors. The Nevada suit was still pending at the time Defendant moved for summary judgment in the instant suit.

The theory Defendant presented to the trial court in support of its motion for summary judgment appears in written suggestions filed simultaneously with the motion. The theory, as we divine it, is based on the following progression of assumptions: (1) under Part II of the Taurus policy and the STE policy—quoted *supra*—Plaintiffs are entitled to underinsured motorist benefits only if they establish they are legally entitled to recover damages because of Decedent's death, (2) because the underinsured motorist claim is based on Decedent's death, Plaintiffs had to commence the instant suit within the time prescribed by the applicable statute of limitations for a wrongful death claim, (3) Decedent was fatally injured in Nevada and died there, hence Nevada's two-year statute of limitations for wrongful death actions applies to any claim arising from Decedent's death, (4) by reason of § 516.190,[4] Missouri's "borrowing" statute, Nevada's two-year limitation applies to the instant suit, and (5) inasmuch as the instant suit was filed three years after Decedent's death, it is time-barred.

As authority for the above theory, Defendant cited the trial court to *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1 (Mo.App.1975). There, a minor was killed because of the alleged negligence of both the owner and the driver of an uninsured motor vehicle. The minor's parents had an insurance policy providing uninsured motorist coverage for the minor's death. The parents filed no wrongful death action against the owner or the driver of the uninsured vehicle; they sued only their insurer, commencing that suit three years and four months after the fatality. The trial court dismissed the

3. Nevada Revised Statutes.

4. Footnote 1, *supra.*

suit.[5] On appeal by the parents, the appellate court affirmed, explaining:

"This is an action in contract ... based upon an insurance contract.... It is governed by the 10–year statute of limitations, § 516.110, RSMo 1969.... In order to prevail in this contract action, however, plaintiffs must establish that at the time this litigation against the insurer was commenced they were legally entitled to recover damages from the owner or operator of the uninsured ... vehicle. In other words, as an essential element of plaintiffs' cause of action in contract plaintiffs must be able to demonstrate their right to recover for the wrongful death of their son. As a matter of law plaintiffs cannot make such a showing because at the time this action in contract was filed plaintiffs no longer had a cause of action against the ... tort-feasors. There is no common-law right of action for wrongful death; such actions exist only by virtue of a statute. Under the wrongful death statute a cause of action accrued to plaintiffs upon the death of their son, but as aggrieved parties they were obliged to comply with the terms of the statute. Compliance with the requirement that an action for wrongful death be commenced within two years is a necessary condition attached to the right to sue—not merely a statute of limitations in the ordinary sense. Plaintiffs failed to comply with this requirement.... [T]he limitations of the death statutes are matters of substantive right and not mere technical limitations or bars to the remedy.... It was incumbent upon plaintiffs to appropriate the cause of action for wrongful death within the 2–year period prescribed by § 537.100, [RSMo 1969], by filing suit thereon prior to the expiration of that period in a court having jurisdiction in the premises.... Plaintiffs failed to do so and when the 2–year period expired their cause of action was extinguished. We conclude that at the time this action was filed plaintiffs were not 'legally entitled to recover' from [the owner or the driver of the uninsured vehicle] for the wrongful death of their son; there could be no liability on the part of the ... tortfeasors under the wrongful death statute, and consequently there is and can be no recovery under the insurance contract, which is conditioned on the legal liability of the ... tort-feasors to the insureds."

*Id.* at 4–5.

Defendant also cited the trial court to *Hunt v. State Farm Mutual Automobile Insurance Co.*, 560 S.W.2d 280 (Mo.App.1977), which applied *Crenshaw* and held that an action against an insurer by the widow and minor children of a deceased insured for uninsured motorist benefits was barred because "no action of any sort was commenced for more than three years" after the fatality. *Id.* at 282.

It is glaringly obvious that a fundamental difference exists between the instant suit and *Crenshaw* and *Hunt*. In the latter two cases, no wrongful death action was commenced against the uninsured driver during the period within which such actions had to be brought. Here, the Nevada suit was commenced against Brown within the period required by Nevada law for wrongful death actions.

Whether the Nevada suit will end in a judgment against Brown remains to be seen. However, a judgment against Brown does not appear to be an element of Plaintiffs' claim for uninsured motorist benefits in the instant suit. In *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713 (Mo. banc 1979), the Supreme Court of Missouri held that to recover under an uninsured motorist policy, the insured does not need an unsatisfied judgment against the uninsured motorist, but has the burden of proving: (1) the other motorist was uninsured, (2) the other motorist is legally liable to the insured, and (3) the amount of damages. *Id.* at 715[1]. The opinion added that the second

---

5. The claim arising from the minor's death was not the only claim asserted in the suit. However, the claim arising from the minor's death was the only one dismissed by the trial court. 527 S.W.2d at 3. For ease of discussion, we treat the dismissal of that claim as a dismissal of the suit.

element is equivalent to the statutory and contractual requirement that the insured be "legally entitled to recover." *Id.*

*Oates* arose from a collision involving an insured motorist and an uninsured motorist. The insured motorist sued the uninsured motorist (suit # 1). The uninsured motorist filed a counterclaim. Thereafter, the insured motorist filed suit against his insurer for uninsured motorist benefits (suit # 2). The insured motorist eventually dismissed his claim against the uninsured motorist in suit # 1. The uninsured motorist ultimately obtained judgment against the insured motorist on the counterclaim in suit # 1. The insurer then argued in suit # 2 that the judgment in suit # 1 barred the claim for uninsured motorist benefits.

The Supreme Court of Missouri rejected the concept. The rationale for doing so appears at 583 S.W.2d at 715–21, and need not be repeated here. However, the rationale includes a reference to *Crenshaw*, 527 S.W.2d 1, and *Hunt*, 560 S.W.2d 280, which is germane to the instant suit. *Oates* declares:

> "*Crenshaw* and *Hunt* ... stand only for the proposition that where there is a built-in, substantive limitation on the underlying tort action, which would bar insured's action against the uninsured motorist at the time the action is filed against the insurer under the uninsured motorist policy, such limitation also bars the action against the insurer."

*Oates*, 583 S.W.2d at 716.

 The excerpt from *Oates* explains that *Crenshaw* and *Hunt* bar a claim for uninsured motorist benefits arising from the death of an insured only where the claimant fails to bring a wrongful death action against the uninsured driver and allows the deadline for such an action to pass before suing the insurer. Neither *Crenshaw* nor *Hunt* holds that the period of limitation for a wrongful death action against the uninsured driver

supplants the ten-year period of limitation for a contract action seeking uninsured motorist benefits under an insurance policy.[6]

The narrow holding of *Crenshaw* and *Hunt* is simply that one who seeks uninsured motorist benefits for the death of an insured cannot recover from the insurer if, at the time he sues the insurer, the deadline for filing a wrongful death action against the uninsured driver has passed and the claimant has filed no such action. *Crenshaw* painstakingly points out that the minor's parents were required to commence a wrongful death action against the uninsured driver within the period of limitation for such an action "in a court having jurisdiction." 527 S.W.2d at 4–5. Plaintiffs in the instant suit unquestionably satisfied that requirement by timely filing the Nevada suit.

As observed when we began our discussion of *Oates*, a judgment against the uninsured driver in a wrongful death action does not appear to be an element of a cause of action for uninsured motorist benefits against the deceased's insurer (though we need not decide that). In *Cobb v. State Security Insurance Co.*, 576 S.W.2d 726 (Mo. banc 1979), a case with extraordinary facts which we shall not recount, a child was fatally injured when struck by an automobile operated by an uninsured driver. The child's father had an insurance policy providing uninsured motorist coverage. He and the mother sued the insurer. They later filed an amended petition containing a count for damages against the uninsured driver. However, the driver was never served, and was "dismissed from the cause." 576 S.W.2d at 731.

A jury trial produced a verdict for the parents against the insurer. On appeal, the Supreme Court of Missouri held: "Since this is an action under an uninsured motorist clause of the insurance policy, the action may be brought directly against the company—an unsatisfied judgment against the uninsured motorist ... is not a condition precedent to recovery from the insurer." *Id.* at 733[3].

---

6. *Edwards v. State Farm Insurance Co.*, 574 S.W.2d 505, 506 (Mo.App.1978), and cases cited there hold that an action on the uninsured motorist provision of an automobile insurance poli-

cy is an action in contract governed by the ten-year statute of limitations, § 516.110, RSMo 1969 (carried forward unchanged in RSMo 1994).

■ Because of that holding, a moot court cadre could have a lively debate about the logic of requiring a timely wrongful death action against the uninsured driver (as mandated by *Crenshaw* and *Hunt*), when such an action can be dismissed without jeopardizing the claim for uninsured motorist benefits against the insurer (as permitted by *Cobb*). However, we need not solve that conundrum. Assuming *Crenshaw* and *Hunt* are still viable, the Nevada suit satisfied their requirement for a timely wrongful death action against the uninsured driver.

It follows that the trial court erred in accepting Defendant's premise that the instant suit is barred by Nevada's two-year statute of limitations for wrongful death actions, borrowed by § 516.190, RSMo 1994. The instant suit is a contract action and was timely filed.[7]

Defendant's loquacious brief advances a number of ingenious arguments in support of the trial court's ruling, but all hinge on the premise that the instant suit had to be commenced within two years after Decedent's death. Because that notion is meritless, we need not discuss those arguments or the cases cited in their support.

The judgment is reversed and the instant suit is remanded to the trial court for further proceedings.

GARRISON, P.J., and PARRISH, J., concur.

---

7. Indeed, the instant suit may have been premature. The underinsured motorist coverage in the Taurus policy and the STE policy provides: "We will pay under this coverage only after the limits of liability under any applicable bodily injury liability ... policies have been exhausted by payment of ... settlements." As we have seen, the instant suit was filed May 5, 1994. It was not until the Covenant dated August 22, 1994, that Defendant paid the $30,000 liability coverage under the Mitsubishi policy. However, we need not ponder the subject of prematurity, as Defendant does not argue that the judgment should be affirmed on that ground.