**Susan J. TAYLOR, Personal Representative, of James A. Mitchell, Deceased, Susan J. Taylor, Individually, Sharon Farrell, Surviving Daughter of James A. Mitchell and Della Mitchell, Surviving Spouse of James A. Mitchell, Plaintiffs–Appellants,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant–Respondent.**

No. 21493.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 4, 1997.

Motion for Rehearing and Transfer Denied Sept. 26, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Daniel D. Whitworth, Joplin, for Plaintiffs–Appellants.

William J. Lasley, Flanigan, McCanse & Lasley, Carthage, for Defendant–Respondent.

BARNEY, Judge.

This appeal stems from a reversal and remand of the trial court's judgment, previously reviewed by this Court arising from a suit to recover underinsured motorist insurance benefits against Farmers Insurance Company, Inc., (Defendant). The action was brought by Susan Taylor, in her individual capacity as daughter of decedent James A. Mitchell, and in her capacity as personal representative of the Estate of James A. Mitchell, decedent's other daughter, Sharon Farrell, and Mr. Mitchell's widow, Della Mitchell (Plaintiffs). *See Taylor v. Farmers Ins. Co., Inc.,* 906 S.W.2d 882 (Mo.App.1995).

In *Taylor*, we reversed the trial court's grant of summary judgment to Defendant, based on the trial court's holding that Plaintiffs' action was barred by Nevada's two-year statute of limitation for wrongful death claims. We determined, instead, that the suit against Defendant insurer was an action in contract, and subject to certain prerequisites Missouri's ten-year statute of limitation relating to contract actions applied. *Id.* at 888; *see also* § 516.110, RSMo 1994; *Edwards v. State Farm Ins. Co.,* 574 S.W.2d 505, 506 (Mo.App.1978).

On May 2, 1991, James A. Mitchell, a resident of Springfield, Missouri, was struck by a motor vehicle driven by George A. Brown, a Nevada resident, while Mr. Mitchell was walking across a street in Las Vegas, Nevada. Mr. Mitchell sustained bodily injuries from which he died three days later.

Mr. Mitchell's widow, Della Mitchell, is a Missouri resident as is decedent's daughter, Susan Taylor. Decedent's other daughter, Sharon Farrell, is a resident of Maryland. Plaintiffs brought suit against Defendant to recover underinsured motorist benefits under two policies of insurance, one covering a 1986 Ford and the second policy covering a 1985 Pontiac. The two vehicles were owned by Mr. and Mrs. Mitchell. Defendant is a foreign insurance corporation authorized to conduct business in Missouri.

Additional facts, as stipulated by the parties, also show that each policy provides for underinsured coverage in the amount of $250,000.00. Both vehicles were principally garaged at 1871 Shamrock Circle, Springfield, Missouri. The Mitchell policies of insurance were purchased through Mr. Sam Hamilton, a Farmers Insurance Agent in Nixa, Missouri. The 1991 Mitsubishi pickup truck which struck Mr. Mitchell and driven

by George A. Brown, was titled and garaged in Nevada and was insured by Defendant's liability policy providing liability coverage in the amount of $30,000.00.

On April 30, 1991, Plaintiffs sued George A. Brown in the 8th Judicial District Court of Clark County, Nevada, for the wrongful death of James A. Mitchell. Defendant has intervened in the Nevada suit, although Plaintiffs have not filed an underinsured motorist claim against Defendant in Nevada.

On August 22, 1994, Plaintiffs, as "Covenators," and Defendant and George A. Brown, as "Covenantees," entered into a "Covenant not to Execute and Agreement to Indemnify" (Covenant) whereby Plaintiffs received $30,-000.00 in exchange for an agreement not to enforce any judgment that may be rendered in the Nevada suit against Mr. Brown and Defendant (in its capacity as Mr. Brown's insurer only). The Nevada Comparative Fault statute, § 41.141, Nevada Revised Statutes (1995), provides that in order to recover against a tortfeasor in Nevada, Plaintiffs must establish that a tortfeasor is at least 51% at fault.

After our prior judgment ordering a remand of this matter, Plaintiffs and Defendant filed cross motions for partial summary judgments under Rule 74.04(b), Missouri Court Rules (1996), each seeking a declaration from the trial court as to whether the comparative fault law of Missouri or Nevada would apply. Plaintiffs contended that Missouri law should apply, while Defendant argued that Nevada law should be the choice of law. In its order, presently under review herein, the trial court agreed with Defendant and entered an interlocutory judgment finding that Nevada law should apply. Additionally, however, the trial court dismissed Plaintiffs' action, with prejudice, on the basis of *forum non conveniens* after reconsidering, *sua sponte*, Defendant's prior motion to dismiss on the same basis. This appeal followed.

Plaintiffs raise two points of trial court error based on the trial court's granting Defendant's motion to dismiss based on *forum non conveniens* and, secondly, in its determination that the comparative fault law of Nevada applies to this action.

■ We are unable to review the trial court's findings regarding the choice of law issue, as set out in Plaintiffs' Point Two. This is because the trial court dismissed Plaintiffs' case, based on the doctrine of *forum non conveniens*. By its action dismissing the case, the trial court no longer had jurisdiction to enter any other order determining choice of law. *See Quillin v. Hesston Corp.*, 230 Kan. 591, 640 P.2d 1195, 1198(1982)(since the court declined jurisdiction under the doctrine of *forum non conveniens*, it no longer had jurisdiction over the case and lacked authority to transfer the case to another forum); *Credit Lyonnais Bank Nederland, N.V. v. Manatt, et al.*, 202 Cal.App.3d 1424, 249 Cal.Rptr. 559, 562 n. 8 (1988)(the court in dismissing the suit on grounds of *forum non conveniens*, relinquishes jurisdiction it already has over the action).

■ On review of Plaintiffs' remaining Point, we note that an order dismissing a plaintiff's cause of action, on the basis of *forum non conveniens* is a final order subject to review by an appellate court. *Herchert v. Marriott Corp.*, 867 S.W.2d 230 (Mo.App. 1993). We review a trial court's decision to dismiss an action based on *forum non conveniens* under an abuse of discretion standard. *Euton v. Norfolk & Western Ry. Co.*, 936 S.W.2d 146, 154 (Mo.App.1996). Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Anglim v. Missouri Pacific R.R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992), *cert. denied*, 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992).

■ The decision of the trial court will not be disturbed unless the appellate court is firmly convinced of two propositions. *Id.* First, the appellate court must be convinced that the relevant factors, discussed below, weigh heavily in favor of applying the doctrine of *forum non conveniens. Id.* Second, the appellate court must be convinced that permitting the case to be tried in Missouri *would lead to an injustice because such trial would be oppressive to the defendant or im-*

*pose an undue burden on Missouri courts. Id.* (emphasis added).

■ Because the application of *forum non conveniens* is fact intensive and the weight to be accorded any one fact is dependent upon circumstances, trial court discretion is essential. *Id.* However, trial court discretion must be applied with control. *Anglim,* 832 S.W.2d at 303; *see also Besse v. Missouri Pacific R.R. Co.,* 721 S.W.2d 740, 742–43 (Mo. banc 1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987).

We note that often the doctrine of *forum non conveniens* is invoked where one or more parties are residents of different states. Our courts have held that:

> In Missouri, the doctrine has been recognized in actions that accrue outside Missouri between parties who are not Missouri residents. In those situations this Court has held that a court may, in its discretion, refuse to adjudicate a nonresident's claim although it has jurisdiction and venue is proper. The rationale purports avoidance of an unfair burden on a community of holding a trial for strangers and the duty of courts to prevent the abuse of their process.

*Willman v. McMillen,* 779 S.W.2d 583, 585 (Mo. banc 1989) (citation omitted); *see also Vercimak v. Vercimak,* 762 S.W.2d 529, 532 (Mo.App.1988).

■ Six factors enumerated in *Anglim* are used as a guide in exercising trial court discretion in applying the doctrine of *forum non conveniens:*

(1) place of accrual of the cause of action;

(2) location of witnesses;

(3) the residence of the parties;

(4) any nexus with the place of suit;

(5) the public factor of the convenience to and burden

upon the court; and

(6) the availability to plaintiff of another court with jurisdiction of the cause of action affording a forum for plaintiff's remedy.

*Anglim,* 832 S.W.2d at 302; *Besse,* 721 S.W.2d at 741; *see also Kuiper v. Busch Entertainment Corp.,* 845 S.W.2d 697, 699 (Mo.App.1993). This is not an exclusive list, however, and the weight to be given any one factor may be different depending upon the facts and circumstances of each case. *See Anglim,* 832 S.W.2d at 302–03.

■ In deciding whether to dismiss an action, the trial court necessarily must determine facts, and in doing so, weighs evidence and assesses credibility of witnesses as to the reasons given for selecting or opposing a particular forum. *Id.* at 303.

In the instant matter, there does not appear to have been a hearing conducted with testimony from any witnesses preceding the trial court's order dismissing Plaintiffs' action based on the doctrine of *forum non conveniens.* As gleaned from its written order, the trial court's ruling, *sua sponte,* was based upon "the facts as stipulated by the parties in the three stipulations attached hereto and in the attorneys' statements during oral arguments." We are not privy to any statements made during oral arguments because the record here is a legal file only, consisting solely of stipulated facts, a motion to dismiss, without affidavits, suggestions in support of and in opposition to the motion to dismiss, and other sundry documents.

Based upon its examination of the stipulated facts and statements made by the attorneys, the trial court ruled that "[t]he court is firmly persuaded that a trial in Jasper County, Missouri, would be substantially inconvenient to this Court and to the parties." The trial court's decision was based on the facts that the underlying accident occurred in Las Vegas, Nevada; that the tortfeasor was a resident of Las Vegas, Nevada; that Defendant may be sued in Nevada; that the investigating police officer and accident reconstructionists are residents of Las Vegas, Nevada; and that jurors from Las Vegas would be more familiar with the accident location than jurors from Jasper County, Missouri. The trial court's decision was also based on the fact that it believed that Nevada's comparative fault law would have to be applied in this case.

■ As heretofore mentioned, the trial court may exercise its discretion not to exercise jurisdiction if the forum is *seriously*

*inconvenient* for the trial of the action involved and if a more appropriate forum is available to the plaintiff. *Anglim,* 832 S.W.2d at 302 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 84 (1971))(emphasis added). "The doctrine is designed to prevent a plaintiff from using a liberal venue statute to vex, oppress or harass a defendant by bringing a suit in a forum unrelated to the parties or cause of action." *Id.*

■ The principles of jurisdiction and venue described in statutes and case law do not confer an unlimited right in the plaintiff to select the forum, "although a plaintiff's freedom to select a forum is significant." *Barrett v. Missouri Pacific R.R. Co.,* 688 S.W.2d 397, 399 (Mo.App.1985) (citation omitted).

■ Nevertheless, a plaintiff's choice of forum should not be disturbed except for "weighty reasons" and the case should be dismissed only if the "balance is strongly in favor" of the defendant. *Anglim,* 832 S.W.2d at 302. (citations omitted).

■ Indeed, absent a "fraudulent procurement," the trial court should honor a plaintiff's choice of forum if reasonable men could differ with the decision to dismiss. *Barrett,* 688 S.W.2d at 399–400. A "fraudulent procurement" occurs when the plaintiff's chosen forum is unrelated to the cause of action, plaintiff's residence, and defendant's office or residence. *Id.* at 399.

■ We determine that the trial court abused its discretion in dismissing Plaintiffs' action.

There was no evidence that Plaintiffs' choice of forum was selected under a "fraudulent procurement." *See id.* at 399.

Additionally, our analysis of the six factors discussed in *Anglim* convinces us that the trial court abused its discretion when it dismissed the instant action on the basis of

Missouri being an inconvenient forum for the resolution of the instant matter.

As to the first factor regarding place or accrual of the cause of action, we initially note that the underlying tort occurred in Nevada. However, this particular action has been settled. *See Taylor,* 906 S.W.2d at 885. Plaintiffs, Defendant and Mr. Brown entered into a Covenant whereby in exchange for $30,000.00 Plaintiffs agreed not to enforce any judgment that may be rendered in the Nevada liability suit against Mr. Brown and Defendant (in its sole capacity as Mr. Brown's insurer). *Id.*

■ The instant suit arises from a contract action, based on two automobile insurance policies purchased in Missouri through Defendant's agent in Nixa, Missouri.[1] Policy number 14–2626–57–38 was purchased by decedent and his wife, insuring a Ford Taurus. Policy number 14–10380–10–50, insuring a Pontiac 6000 STE, showed decedent as the insured party. Each automobile was principally garaged in Springfield, Missouri. *See Hartzler v. American Family Mut. Ins. Co.,* 881 S.W.2d 653, 655 (Mo.App.1994); *Crown Ctr. Redevelopment Corp. v. Occidental Fire & Casualty Co.,* 716 S.W.2d 348, 358–59 (Mo. App.1986).[2]

The second factor concerns the location of witnesses. "The mere fact that more witnesses are located in another state than are located in Missouri does not conclusively establish the question of witness location favorably to defendant." *Anglim,* 832 S.W.2d at 304. Here, there were no affidavits presented to the court nor live testimony to establish that there were in fact any witnesses from Nevada that would have to testify, save for George A. Brown. Plaintiffs' brief contends there were only two witnesses from Nevada that might testify and that each of them had already been deposed. Defendant did not dispute that issue in its brief. However, all but one of the Plaintiffs, are residents of

---

1. "[A]n action on the uninsured motorist provision of an automobile insurance policy is an action in contract governed by the ten-year statute of limitations." *Taylor,* 906 S.W.2d at 886 n. 6 (citing *Edwards,* 574 S.W.2d at 506; *see also* § 516.110, RSMo 1994).

2. In a choice of law issue, the *Hartzler* court reiterated the *Crown* court's observation that the applicable law should be the law of the state which the parties contemplated as the principal location of the insured risk. Thus, in the case of an automobile, where the vehicle is garaged. *Hartzler,* 881 S.W.2d at 655.

Missouri and will likely be called as witnesses in this matter, which leads us into the third factor relating to the residency of the parties.

In review of the third factor in *Anglim*, we note that all Plaintiffs are residents of Missouri, except for one daughter of the decedent who resides in Maryland. Nevertheless, on the face of the record, the Maryland resident's Missouri-based family ties are undisputed, while the record is devoid of any showing of any attachment she may have with Nevada. Additionally, we note that Defendant insurance company is expressly authorized to carry on its insurance business in Missouri, as well as in Nevada. It can sue and be sued in Missouri. It has staff and agents in both jurisdictions. Unquestionably, either of the parties would suffer economic hardship in litigating this matter. On balance, however, Plaintiffs would incur greater economic hardship and inconvenience in litigating this matter in Nevada, where the record shows it has no attachments, as opposed to Defendant litigating the matter in Missouri, where it maintains an insurance business.

As to the fourth factor regarding a defendant's nexus with the place of suit, we note that the defendant must "produce substantial evidence clearly demonstrating that the corporate business activities in Missouri are limited or that those activities have no significant relationship to the jurisdiction in which the case is filed." *Anglim*, 832 S.W.2d at 304. There is nothing in the record to suggest that Defendant's business activities in Missouri are any less than those it carries on in Nevada. Defendant does not dispute its nexus with the place where Plaintiffs' suit was filed.[3]

The fifth factor requires the trial court to consider the public factor of the convenience and burden upon the court.

We note that Plaintiffs' contract action was filed on May 5, 1994. The action then proceeded up to December 2, 1994, when the trial court granted summary judgment to Defendant. This Court then reversed the trial court's decision on October 30, 1995. *See Taylor*, 906 S.W.2d at 882. The matter then proceeded through various pre-trial proceedings until the trial court entered its order dismissing Plaintiffs' action based on *forum non conveniens* on January 2, 1997, more than 30 months after the action was filed. In view of the length of time that this matter has been in the Missouri court system, it would be illogical to now dismiss the action based on *forum non conveniens*.

Additionally, based upon the record, no statistical data was offered, nor did the trial court take judicial notice that the dockets in Jasper County, Missouri, were heavily congested, thereby supporting the proposition that litigating the instant suit would impose a burden on the court. *See Anglim*, 832 S.W.2d at 304. Lastly, Missouri courts are capable of applying the laws of other states without creating an undue burden on the court system. *See, e.g.*, Rule 55.21(b), Missouri Court Rules (1997).

In review of the sixth element of our analysis, we note that there is substantial support for the general rule that a "court may not dismiss an action on the ground of *forum non conveniens* unless the plaintiff could have brought the action before a court other than the court in which he or she did bring it, and he or she still has such an alternative forum." 20 AM.JUR.2D *Courts* § 132 (1995); *see also* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 84 (1971). Indeed, our supreme court has stated that a "court which dismisses a case for *forum non conveniens* should frame its order so as to protect the plaintiff against any attempts to invoke the statute of limitations [in the alternate forum]." *Besse*, 721 S.W.2d at 743 n. 3.

Likewise, the applicability of a foreign jurisdiction's law to the action does not justify the trial court's dismissal. *See Casey v. Truss*, 720 P.2d 985, 986 (Colo.App.1986).

In our prior decision in this matter, we determined that section 11.190(4)(e), Nevada

---

**3.** In *Tempmaster Corp. v. Elmsford Sheet Metal Works, Inc.*, 800 S.W.2d 45, 48 (Mo.App.1990), Judge Berry wrote in an opinion involving a contract action and an issue relating to *forum non conveniens*: "[t]o deny appellant [Missouri party] a Missouri forum where *in personam* jurisdiction can be established over respondent [foreign party] borders on the ridiculous."

Revised Statutes (1993), provides that "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another" shall be commenced within two years. *Taylor,* 906 S.W.2d at 885. Additionally, stipulations of the parties show that section 11.190(b), Nevada Revised Statutes (1993), imposes a six-year statute of limitations on an "action upon a contract, obligation or liability founded upon an instrument in writing."

Mr. Mitchell died from his injuries on or about May 5, 1991. Therefore, facially, on January 2, 1997, at the time of the trial court's judgment dismissing Plaintiffs' action on the basis of an inconvenient forum, Plaintiffs appeared to have been able to file their contract action against Defendant in Nevada.

However, neither party has supplied us with Nevada case law regarding the legal formalities and circumstances under which an uninsured/underinsured claimant under an automobile policy may bring suit for wrongful death in Nevada. Indeed, Defendant contended in its prior appeal that Plaintiffs were precluded by Nevada's two-year statute of limitation on wrongful death actions from pursuing Plaintiffs' uninsured motorist action in Missouri, despite such factors as Missouri's ten-year statute of limitation limiting contract actions. *See Taylor,* 906 S.W.2d at 886–87. We decline to speculate on what a Nevada court would hold under the circumstances of this case. Nevertheless, assuming *arguendo* that Plaintiffs may maintain their action in Nevada, *see Aman Collection Service, Inc. v. Burgess,* 612 S.W.2d 405, 408 n. 1 (Mo.App.1981), the evidence here does not show that the relative inconveniences of the parties were so unbalanced that we should deny a Missouri resident access to a Missouri court under this doctrine. *See Douglas Mach. & Eng. Co. v. Hyflow Blanking Press Corp.,* 229 N.W.2d 784, 792 (Iowa 1975). We are not convinced that trying this action in Missouri will lead to an injustice or otherwise be oppressive to Defendant, or would otherwise impose an undue burden on Missouri courts. *See Anglim,* 832 S.W.2d at 303.

We, therefore, hold that the trial court erred in dismissing Plaintiffs' contract action against Defendant, based on *forum non conveniens,* particularly considering the tangible relationship of the contract action to the State of Missouri, to the Missouri Plaintiffs and to a Defendant carrying on its insurance business in the State of Missouri. Point One is well taken.

The judgment of the trial court dismissing the instant action on the basis of *forum non conveniens* is reversed. The cause of action is reinstated. The matter is remanded for further proceedings.

MONTGOMERY, C.J., and SHRUM, J., concur.